

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANELL MONIQUE JONES, individually and in her representative capacity on-behalf of the Estate of Derrick Jones, | No. 13-15673 |
| | D.C. No. 4:11-cv-04725-YGR |
| Plaintiff - Appellant, | MEMORANDUM[*] |
| v. | |
| CITY OF OAKLAND; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted June 10, 2015
San Francisco, California

Before: SCHROEDER, IKUTA, and CHRISTEN, Circuit Judges.

Lanell Monique Jones challenges various pretrial rulings made by the

district court and its order granting judgment as a matter of law in favor of the City

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of Oakland (the City) in this case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by holding six pretrial conferences. The record establishes that the district court held each pretrial conference for the valid purpose of improving the quality of the trial by ensuring that the parties were prepared. *See* Fed. R. Civ. P. 16(a). There is no evidence that the district court held these pretrial conferences and issued multiple pretrial orders because the district court was biased against Jones.

The district court did not abuse its discretion when it excluded the Negotiated Settlement Agreement (NSA) (exhibit 13(B)), the Amended Memorandum of Understanding (AMOU) (exhibit 13(C)), the 2012 report from the audit of the Oakland Police Department (exhibit 13(E)), Judge Henderson's order appointing a compliance director (exhibit 13(F)), and the 2011 fifth quarterly report by the independent monitor (exhibit 16) on the ground that the probative value of those exhibits was substantially outweighed by the risk that the jury would draw an improper inference regarding the City's liability based on the acts alleged in the lawsuit underlying the NSA. *See* Fed. R. Evid. 403. Therefore, we need not address Jones's argument that the district court erred in determining that these exhibits were inadmissible because they could not be properly authenticated.

Jones waived the argument that the district court erred when it excluded exhibits 14 and 15 by not "specifically and distinctly" arguing the issue in her opening brief. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

Even if the district court erred by excluding Officer Daniel Higgins, Captain Ersie Joyner, Sergeant Charles Abdullah, and the coroner Robert Zedelis as witnesses, Jones failed to demonstrate she was prejudiced by these rulings. *See Price v. Seydel*, 961 F.2d 1470, 1474 (9th Cir. 1992). All of the documents Jones alleges these witnesses could have authenticated had they been allowed to testify were either admitted into evidence or properly were excluded for reasons other than authentication issues.

Jones waived the argument that the district court erred when it excluded Carolyn Johnson as a witness from Jones's case in chief because Jones agreed to the ruling. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

The district court did not err when it granted judgment as a matter of law to the City on Jones's claims under 42 U.S.C. § 1983. As explained above, exhibits 13 and 16 were properly excluded, and Jones points to no other evidence in the record that shows that any excessive force by Officers Omar Daza-Quiroz and

3

Eriberto Perez-Angeles resulted from an official municipal policy or deliberate indifference by the City. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Jones waived any argument that the district court erred in granting the City's motion for judgment as a matter of law with respect to her other claims by failing to raise it in her opening brief. *See Arpin*, 261 F.3d at 919.

**AFFIRMED.**